## WALTER GRIFFIN v. B. O'NEIL.

1. BILL OF PARTICULARS, *Sufficient.* The bill of particulars in this case sufficiently states a cause of action for the recovery of a balance due on the transaction therein set out.

2. DEMURRER—*Evidence.* The demurrer to the evidence of the plaintiff was properly overruled. Such evidence *held* sufficient to support the verdict and judgment therein.

3. —— —— *New Trial.* Defendant not entitled to new trial on the ground of accident.

*Error from Anderson District Court.*

THE opinion states the facts.

*Johnson & Johnson,* for plaintiff in error.

*Kirk & Bowman,* for defendant in error.

Opinion by STRANG, C.: This action was begun before a justice of the peace October 1, 1887, and judgment entered for plaintiff October 7, 1887, for $107 and costs. Appeal taken to district court of Anderson county, where it was tried by the court and a jury March 22, 1888, resulting in a like judgment. The defendant objected to the reception of any evidence under the bill of particulars in the case, alleging that it did not contain facts sufficient to state a cause of action. This objection was carried all through the case, and raises the question relied on for a reversal of the case here. It is claimed that if this is treated as an action to reform the contract for the sale of the cattle, the bill of particulars does not allege a mutual mistake in the contract, but simply alleges a mistake on the part of the plaintiff, which is not a sufficient allegation to constitute a cause of action for the reformation of a contract.

We do not think the bill of particulars attempts to state a cause of action for the reformation of a contract. If that had been the object sought in the action, it is not likely it would have been brought before a justice of the peace. Nor do we

think the plaintiff in his cause of action attempts to rescind
the contract for the sale of the cattle, as the defendant argues
in support of his demurrer to the evidence of the plaintiff.·
We think the plaintiff in his action, in effect, affirms the con-
tract of sale, and sues for a balance due.   He does not base
his action upon a bill of sale, nor upon any other written con-
tract.   He brings it for the recovery of an unpaid balance
due on a cattle deal between himself and the defendant, and
sets up the whole transaction with all its attending circum-
stances.   The bill of particulars alleges that on September
20, 1887, the plaintiff sold to the defendant —

4 steers, at $32 per head, amounting to.......................$128 00
10 steers, at $36 per head, amounting to.................... 360 00
4 cows, weighing 4,500 lbs., at 2c. per lb., amounting to,  90 00
1 cow at $17....................................................... 17 00

And all of the aggregate value of......................$595 00

It then credits the defendant with $488 paid thereon, and
claims a balance of $107, which it alleges the defendant re-
fuses to pay.   This is the statement of the plaintiff's cause of
action.   The circumstances attending the deal, including the
allegation of mistake in figuring the aggregate price of the
cattle by the plaintiff, which is also set out in the bill of par-
ticulars, are merely explanatory of the transaction, and not
controlling elements thereof.   In this view of the case, we
think the bill of particulars states a cause of action in favor
of the plaintiff against the defendant for the balance claimed,
and such action was properly brought before a justice of the
peace.   The affidavit filed with the motion for a new trial, as
well as the conduct of the case by counsel for defendant, shows
that the defendant claims that he purchased the 19 head of
cattle for the aggregate sum of $488, and that he has there-
fore paid the full consideration for the cattle.   We think,
however, the evidence of the plaintiff made a *prima facie* case
in favor of his allegation that he sold the 19 head of cattle for
the sum of $595, and that the court did not, therefore, err in
overruling the defendant's demurrer to the plaintiff's evidence.
We also think the evidence sufficient to sustain the verdict and

judgment thereon.   This leaves but one further question in the case.

Was the defendant entitled to a new trial because of unavoidable accident, as claimed in his affidavit filed with his motion for a new trial?   We think not.   The alleged accident consists in a failure of the defendant to receive a telegraphic message in time for him to attend the trial of the case. The accident was merely the miscarriage of an arrangement by the plaintiff with his own attorneys and the telegraph operator at the station nearest his home, for the transmission and delivery to him of a message giving him information concerning the trial of his case.   His failure to receive the message in time was not the result of accident at all, but of the negligence of his own agent.   If there had arisen a storm of such a character as to have prevented the transmission of the message over the wires in time to notify the defendant so he could be present at the trial, or of such a character as to have prevented the defendant traveling to the place of trial, it might be said he was prevented by accident, but a mere failure of his own agents to do as he alleges they promised to, in connection with the transmission or delivery of a message, is not an accident.   The affidavit shows that the message was received by the agent at 8 o'clock in the morning, and that he did not get it delivered in the country to the defendant until it was too late for him to attend the trial.   It was not the business of the agent, as the agent of the telegraph company, to deliver the message away from his office, in the country.   He was only required to do so in this instance by his agreement with the defendant, and whatever he did or neglected to do under such agreement, he did or neglected as the agent of the defendant.   We do not think a failure of the defendant's agent to deliver a message to him, as per request or agreement, in time for him to attend the trial furnishes the defendant with any cause, known to the law, for a new trial. He made an arrangement with his own agents for notice.   He in no wise relied on any arrangement with the plaintiff, nor with the court.   He relied upon his own agents, and without

any accident or excuse, so far as we know, they failed him, and we cannot relieve him from the consequences.

We find no material error in the record of this case, and therefore recommend that the judgment of the trial court be affirmed.

By the Court: It is so ordered.

All the Justices concurring.